E-filing

WILLIAM E. ADAMS #153330
DAVID C. LEE #193743
DAWN NEWTON #209002
FITZGERALD ABBOTT & BEARDSLEY LLP
1221 Broadway, 21st Floor
Oakland, California 94612
Telephone: (510) 451-3300
Facsimile: (510) 451-1527
Email: dnewton@fablaw.com
       wadams@fablaw.com
       dlee@fablaw.com

Attorneys for AXIS IMEX, INC.

FILED
AUG 1 8 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

AXIS IMEX, INC.,

    Plaintiff,

vs.

SUNSET BAY RATTAN, INC., BLAIR RUBEL, and DOES 1 through 20, inclusive,

    Defendants.

Case No.: C08-03931 RS

COMPLAINT FOR UNFAIR COMPETITION, TRADEMARK INFRINGEMENT, INFRINGEMENT OF TRADE DRESS, FALSE ADVERTISING, DILUTION, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, MISAPPROPRIATION OF TRADE SECRETS, AND INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

Plaintiff, Axis Imex, Inc. alleges:

1.  **Jurisdiction.** This court has subject matter jurisdiction over this matter under 15 U.S.C. § 1121 and § 1125(d) and 28 U.S.C. §§ 1331 and 1338 (a) and (b). This civil action includes counts for infringement of trademark and dilution under section 43(a) of the Lanham Act. This action also includes counts for related claims of breach of contract, trade dress infringement, misappropriation of trade secrets, unfair competition, and intentional interference with prospective economic advantage. This court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a) as to the breach of contract, misappropriation of trade secrets, unfair competition, and intentional interference with prospective economic advantage claims

1
COMPLAINT FOR UNFAIR COMPETITION, TRADEMARK INFRINGEMENT, INFRINGEMENT OF TRADE DRESS, FALSE ADVERTISING, DILUTION, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, MISAPPROPRIATION OF TRADE SECRETS, AND INTENTIONAL INTERFERENCE W
CASE NO.:

8/18/08 (25409) #313994.1

1  that are related to foregoing claims in the action within the court's original jurisdiction, since they form part of the same case or controversy under Article III of the United States Constitution.

2. **Venue.** Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c).

3. Plaintiff demands a jury trial. Fed. R. Civ. Pro. § 38(b); Federal CRC 3-6.

4. **General Allegations.** Since at least 2002, Plaintiff, Axis Imex, Inc., a corporation duly organized and existing under the laws of the State of California ("Plaintiff") has used, the federally registered trademark "STORAGE SENSE" in connection with the production, sale, and distribution of decorative storage containers ("Plaintiff's Trademark").

5. Defendant Blair Rubel ("Rubel") is and was an individual residing in New York City, New York.

6. Defendant Sunset Bay Rattan, Inc. ("Sunset Bay") is and was a corporation duly organized under the laws of the State of New York, doing business under the name and mark "Andrea Baskets," and having a principal headquarters in Suffolk County, New York.

7. Plaintiff is a renowned leader in the decorative storage container industry and has gained national recognition in the mark STORAGE SENSE. As a result, Plaintiff's mark has earned valuable goodwill.

8. As a result of Plaintiff's substantial advertising and promotional efforts for Plaintiff's goods and services, as well as its dedication to providing quality services, Plaintiff's marks are widely and favorably recognized and relied upon by the relevant trade and consuming public as indicating high quality goods and services originating exclusively from Plaintiff. Due to such efforts, Plaintiff's Trademark has earned valuable goodwill.

9. In order to protect the extensive goodwill symbolized by Plaintiff's trademark, on February 27, 2007, Plaintiff obtained a federal registration for its mark STORAGE SENSE in connection with, among other items, "decorative storage containers" (U.S. Reg. No. 3,212,252).

2
COMPLAINT FOR UNFAIR COMPETITION, TRADEMARK INFRINGEMENT, INFRINGEMENT OF TRADE DRESS, FALSE ADVERTISING, DILUTION, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, MISAPPROPRIATION OF TRADE SECRETS, AND INTENTIONAL INTERFERENCE W
CASE NO.:

8/18/08 (25409) #313994.1

10. Among the items produced and distributed nationwide under Plaintiff's STORAGE SENSE mark are a set of five nesting boxes that coordinate in style with other items in Plaintiff's line of storage wares.

11. Plaintiff has continuously used a distinctive trade dress consisting of a combination of features, including the 5-nesting box feature, color matching scheme between the boxes and the ribbons, and the shape, size and placement of the bows and ribbons to distinguish its products.

12. This arrangement and overall image and the like is of such an unusual design that a customer would immediately rely on it to differentiate the source of the services. Moreover, the arrangement and overall image and the like have been used in interstate and intrastate commerce and in connection with the advertising, promotion, offering, and provision of its products and services consistently and continuously by Plaintiff.

13. Plaintiff has offered its products under its unique trademark STORAGE SENSE and trade dress, and such trademark and trade dress have continuously appeared in Plaintiff's advertising and promotional activities. Plaintiff has extensively used and promoted the trademarks and trade dress such that they are closely identified with the products of STORAGE SENSE and have gained widespread public recognition.

14. Plaintiff's trademark and trade dress have received widespread public recognition throughout the United States. Plaintiff's trademark and trade dress have been promoted and featured in many significant national Federated Department Stores such as Bed, Bath & Beyond, and Mervyn's and at other national chain stores including Michael's Arts and Crafts.

15. Plaintiff's trademark and trade dress are valid and subsisting and are evidence of Plaintiff's exclusive right to use said trademarks and trade dress in commerce throughout the United States for decorative storage containers and other goods related thereto.

16. Due to the care and skill employed by Plaintiff in the conduct of its business, the high quality of the products offered under its trademark and trade dress, and the unique nature of

the trademarks and trade dress and the extensive advertising, sale and promotion of Plaintiff's products, the trademarks and trade dress are either inherently distinctive or have acquired strong secondary meaning. The trademark and trade dress identify Plaintiff's popular products as those of Plaintiff exclusively, and distinguish them from the products of others. The distinct trademarks and trade dress are well known and symbolize the goodwill that Plaintiff has created by its offering of its products.

## FIRST COUNT

### Unfair Competition
### (Against All Defendants)

17.  Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 16 of the Complaint with the same force and effect as if fully set forth at length herein.

18.  Plaintiff hired Rubel as an independent contractor on or about October 2, 2005. Rubel was retained to present and sell Axis Imex's products to various Federated Department Stores.

19.  On October 2, 2005, Rubel and Plaintiff entered into an Agent Representative Agreement ("Agreement") whereby Rubel agreed to keep information he learned in the course of his employment confidential and not to disclose confidential information to Axis Imex competitors for a period of six months after termination of his employment.

20.  During the course of his employment, Rubel learned confidential information about Axis Imex, including proprietary information about their nesting boxes and other goods, and worked with Axis Imex and manufacturers including a Hong Kong based company, MultiTarget International Ltd. ("MultiTarget") to refine the production of those goods.

21.  Axis Imex terminated Rubel's services in or about December 2005.

22.  On information and belief, shortly after Rubel's services were terminated by Axis Imex, Rubel approached Waverly Fabrics (Plaintiff's fabric supplier for its nesting boxes and

4
COMPLAINT FOR UNFAIR COMPETITION, TRADEMARK INFRINGEMENT, INFRINGEMENT OF TRADE DRESS, FALSE ADVERTISING, DILUTION, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, MISAPPROPRIATION OF TRADE SECRETS, AND INTENTIONAL INTERFERENCE W
CASE NO.:

other trademarked goods) regarding the prospect of starting a China-to-China business association similar to the one that Axis has with Waverly. Waverly declined Rubel's request.

23. On information and belief, Rubel thereafter began working with a new company, Defendant Sunset Bay, which was manufacturing decorative storage containers under the mark ANDREA BASKETS. Certain features of Andrea Baskets boxes resembled Plaintiff's products, namely the five nesting box feature, color matching scheme between the boxes and the ribbons, and the shape, size and placement of the bows and ribbons.

24. On information and belief, since Sunset Bay began producing its version of Axis Imex's nesting boxes, it has had them manufactured by MultiTarget.

25. Sunset Bay's version of the five nesting box is very similar in appearance to Plaintiff's nesting box design, but Sunset Bay's design includes numerous inferior elements. The Sunset Bay boxes are not finished as well, resulting in sloppy seams and folds, uneven and poorly affixed paper interiors, and bows which are tied in a messy and unprofessional manner. Sunset Bay uses a lighter gauge of cardboard for its boxes, which results in a lighter overall product which feels less sturdy and which may warp or twist during the manufacturing phase due to application of glue to affix fabric and paper adornment. The resulting impression is that whereas Plaintiff's boxes are finely and carefully finished and are of good quality, Sunset Bay's boxes are a cheaper version.

26. In or about May 2008, Plaintiff was informed by Dorothy Ho of MultiTarget that one of the orders shipped to Plaintiff's customer, HomeGoods, in or about October 2007, included Sunset Bay products created for the ANDREA BASKETS mark, but which bore STORAGE SENSE hangtags. On information and belief, Dorothy Ho informed Sunset Bay about the incident, but Sunset Bay made no effort to recall the product or take other corrective action, and the Sunset Bay product was sold under the STORAGE SENSE mark.

///

27. Upon learning of Rubel's violation of the non-disclosure agreement, Sunset Bay's infringement of Plaintiff's trade dress and its inaction to correct the actions of Multi Target, Plaintiff sent a cease and desist letter to both defendants on August 14, 2008.

28. The use by Sunset Bay of such colorable imitations of Plaintiff's trade dress is likely to cause confusion, mistake, or deception to members of the consuming public. Consumers may mistakenly believe that said products were connected with Plaintiff's STORAGE SENSE trademark and trade dress, when in fact they are not.

29. Plaintiff has invested substantial time, skill and money in developing its property, which includes its trademark and trade dress.

30. Defendants appropriated and used Plaintiff's trade dress at little or no cost to Defendants.

31. On information and belief, Defendants have knowingly permitted their imitation goods to be sold under Plaintiff's Trademark.

32. Defendants' use of Plaintiff's trade dress was without the authorization or consent of Plaintiff.

33. Plaintiff has been injured by Defendants' conduct because Defendants' use of Plaintiff's trade dress to create inferior products has interfered with Plaintiff's ability to market its STORAGE SENSE products. This in turn has had the effect of reducing, or eliminating Plaintiff's profits.

34. As a direct and proximate result of the foregoing, Plaintiff has sustained damages, the exact amount of which is not yet known to Plaintiff but which exceeds the minimum jurisdiction of this court.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

/ / /

/ / /

---

6

COMPLAINT FOR UNFAIR COMPETITION, TRADEMARK INFRINGEMENT, INFRINGEMENT OF TRADE DRESS, FALSE ADVERTISING, DILUTION, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, MISAPPROPRIATION OF TRADE SECRETS, AND INTENTIONAL INTERFERENCE W
CASE NO.:

8/18/08 (25409) #313994.1

## SECOND COUNT

**Trademark Infringement**
**(Against Sunset Bay and Does 1 Through 20, Inclusive)**

35. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 34 of the Complaint with the same force and effect as if fully set forth at length herein.

36. STORAGE SENSE mark which Defendants affixed to their nesting boxes was identical to the federally registered mark belonging to Plaintiff.

37. On information and belief, Defendants profited from the sale of product bearing the identical mark to Plaintiff's federally registered mark.

38. The unlicensed use of Plaintiff's trademark, or any colorable variation of it by the Defendants, is likely to cause mistake or confusion or deception in the minds of the public and constitute an infringement of Plaintiff's United States Registration No. 3,212,252.

39. Because Plaintiff has no control over the nature of Defendants' unlicensed use of its mark, Plaintiff is and will be damaged by Defendants' unauthorized use of its mark.

40. The infringement charged above is knowing and willful.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## THIRD COUNT

**Trade Dress**
**(Against All Defendants)**

41. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 34 of the Complaint with the same force and effect as if fully set forth at length herein.

42. Upon information and belief, Rubel and Sunset Bay have performed the aforesaid acts with fraudulent purpose and knowledge to inappropriately trade upon Plaintiff's

1  extensive goodwill, including using Plaintiff's trademarks and trade dress to draw customers to
2  purchase their products and unlawfully profit.
3      43.    Plaintiff's trade dress and marks are wholly associated with STORAGE SENSE
4  due to their longstanding use, and as such Plaintiff is entitled to have its trade dress and marks
5  adequately protected with respect to the conduct of its business.
6      44.    By the aforesaid acts, Defendants have infringed upon Plaintiff's federal
7  trademark rights in its trade dress described above in violation of Section 32 of the Lanham Act,
8  15 U.S.C. § 1125(a).
9      45.    Defendants' acts have been willful and in conscious disregard of the trade dress
10 rights of Plaintiff.
11     46.    As a direct and proximate result of Defendants' actions, Plaintiff has been
12 damaged, the exact amount of which is not yet known to Plaintiff but which exceeds the
13 minimum jurisdiction of this court.
14     WHEREFORE, Plaintiff pray for judgment as hereinafter set forth.

15 **FOURTH COUNT**
16 **False Advertising**
17 **(Against Sunset Bay and Does 1 through 20, inclusive)**

18     47.    Plaintiff realleges and incorporates by reference each and every allegation
19 contained in paragraphs 1 through 26 of the Complaint with the same force and effect as if fully
20 set forth at length herein.
21     48.    On information and belief, Sunset Bay made a false representation about the
22 origin of its nesting boxes by permitting them to be sold under Plaintiff's STORAGE SENSE
23 mark.
24     49.    On information and belief, Sunset Bay's goods bearing Plaintiff's Trademark
25 were sold to the consuming public through retail establishments.
26
27
28

8

COMPLAINT FOR UNFAIR COMPETITION, TRADEMARK INFRINGEMENT, INFRINGEMENT OF TRADE DRESS, FALSE ADVERTISING, DILUTION, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, MISAPPROPRIATION OF TRADE SECRETS, AND INTENTIONAL INTERFERENCE W
CASE NO.:

8/18/08 (25409) #313994.1

50.     On information and belief, the sale of Sunset Bay's goods bearing Plaintiff's Trademark benefited Sunset Bay and did material damage to Plaintiff, in that it caused consumers to associate Sunset Bay's inferior nesting box product with Plaintiff's Trademark.

51.     Any continuation or repetition of this behavior will further damage Plaintiff and the goodwill associated with its STORAGE SENSE mark.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## FIFTH COUNT

### Dilution
### (Against Sunset Bay and Does 1 through 20, inclusive)

52.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 51 of the Complaint with the same force and effect as if fully set forth at length herein.

53.     Plaintiff has offered its products under its unique trademark STORAGE SENSE and trade dress, and such trademarks and trade dress have continuously appeared in Plaintiff's advertising and promotional activities. Plaintiff has extensively used and promoted the trademarks and trade dress such that they are closely identified with the products of STORAGE SENSE and have gained widespread public recognition.

54.     Plaintiff's trademark and trade dress have received widespread public recognition throughout the United States. Plaintiff's trademark and trade dress have been promoted and featured in many significant national chain stores including HomeGoods, Marshall's, TJ Maxx, Ross Stores, Tuesday Morning, and others.

55.     Plaintiff has made use of STORAGE SENSE as a trademark and has used its aforementioned trade dress in connection with goods sold and transported in interstate commerce.

56.     Plaintiff's mark and trade dress are strong and distinctive and have become famous and are evidence of Plaintiff's exclusive right to use said trademarks and trade dress in

commerce throughout the United States for decorative storage containers and other goods related thereto.

57. Sunset Bay's acts were commenced after Plaintiff's mark became famous.

58. Sunset Bay has made use of Plaintiff's trade dress in connection with goods it has sold under the name "Andrea Baskets" and transported in United States interstate commerce.

59. Sunset Bay's use of Plaintiff's trade dress creates a likelihood of association with Plaintiff's famous mark STORAGE SENSE arising from the nearly exact identity in appearance of Defendant's inferior products.

60. Defendant's acts are in violation of Lanham Act § 43(c) in that they are likely to cause dilution by blurring by impairing the distinctiveness of Plaintiff's famous mark to the detriment of Plaintiff.

61. Defendant's acts are in violation of Lanham Act § 43(c) in that they are likely to cause dilution by tarnishment of the reputation of Plaintiff's famous mark to the detriment of Plaintiff.

62. Defendant committed these acts willfully with the intent to create an association with Plaintiff's famous marks. Defendant further willfully intended to trade on the recognition of Plaintiff's famous marks and to harm the reputation of the famous marks.

63. As a direct and proximate result of Defendants' actions, Plaintiff has been damaged, the exact amount of which is not yet known to Plaintiff but which exceeds the minimum jurisdiction of this court.

WHEREFORE, Plaintiff pray for judgment as hereinafter set forth.

/ / /

/ / /

/ / /

/ / /

## SIXTH COUNT

**Breach of Contract**
**(Against Blair Rubel)**

64. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 26 of the Complaint with the same force and effect as if fully set forth at length herein.

65. Pursuant to the last paragraph of the Agreement entered into by Plaintiff and Rubel on October 2, 2005, Rubel agreed not to disclose any confidential information about Plaintiff to any competitors, prospects or customers for a period of six months after termination of the agreement. Rubel also agreed not to disclose any confidential information, trade secrets, designs, and or various manufacture contacts for all products currently being sold by Plaintiff in addition to any sample products developed by Rubel on behalf of Plaintiff. See Exhibit A.

66. Upon information and belief, less than six months after Rubel's employment with Axis Imex terminated, he began working with Sunset Bay, which was manufacturing decorative storage containers under the name ANDREA BASKETS.

67. On information and belief, Rubel disclosed confidential and proprietary information which he was contractually bound to keep confidential to Sunset Bay, including the method of manufacture of Plaintiff's nesting boxes, its manufacturers and distributors, and how to achieve elements of its trade dress.

68. Plaintiff has complied with all of its obligations under the Agreements it has with Rubel and all conditions of Rubel's obligations under the agreements have occurred or been waived.

69. As a direct and proximate result of Rubel's wrongful disclosure, Plaintiff has been greatly damaged.

WHEREFORE, Plaintiff pray for judgment as hereinafter set forth.

## SEVENTH COUNT

### Breach of the Covenant of Good Faith and Fair Dealing
### (Against Blair Rubel)

70. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 26 and 64 through 69 of the Complaint with the same force and effect as if fully set forth at length herein.

71. Under the terms of the Agreement, Rubel owed to Plaintiff an implied duty of good faith and fair dealing in his relationship with Plaintiff for the presentation and sale of Plaintiff's STORAGE SENSE products.

72. Under the terms of the Agreement, Rubel also owed to Plaintiff an implied duty of good faith and fair dealing as to his transition out of his business relationship with Plaintiff for a period of six months after the termination of the Agreement.

73. Rubel has breached his duty of good faith and fair dealing by disclosing Plaintiff's confidential information to Sunset Bay and possibly others.

74. Rubel has also breached his duty of good faith and fair dealing by disclosing Plaintiff's manufacture contacts, specifically Waverly and Multi Target to Sunset Bay and possibly others.

75. As a direct and proximate result of Rubel's breaches, Plaintiff has been damaged, the exact amount of which is not yet known to Plaintiff but which exceeds the minimum jurisdiction of this court.

WHEREFORE, Plaintiff pray for judgment as hereinafter set forth.

/ / /

/ / /

/ / /

/ / /

12
COMPLAINT FOR UNFAIR COMPETITION, TRADEMARK INFRINGEMENT, INFRINGEMENT OF TRADE DRESS, FALSE ADVERTISING, DILUTION, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, MISAPPROPRIATION OF TRADE SECRETS, AND INTENTIONAL INTERFERENCE W
CASE NO.:

8/18/08 (25409) #313994.1

## EIGHTH COUNT

### Misappropriation of Trade Secrets
### (Against All Defendants)

76.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 75 of the Complaint with the same force and effect as if fully set forth at length herein.

77.     Plaintiff was in possession of trade secret information consisting of its secret design, pattern and technique for assembly of its STORAGE SENSE decorative storage boxes.

78.     Plaintiff's secret design, pattern and technique for assembly of its STORAGE SENSE decorative storage boxes had economic value in that its use resulted in the creation of a unique decorative storage box with exceptional quality.  Plaintiff made reasonable efforts to insure that the secret design, pattern and technique for assembly of its STORAGE SENSE decorative storage boxes remained a secret by entering into the non-disclosure Agreement with Rubel, and generally keeping its design, pattern and technique for assembly of its STORAGE SENSE decorative storage boxes secret and unavailable to others.

79.     On information and belief, in early 2006, Defendants Rubel and Sunset Bay misappropriated the above-described trade secret of Plaintiff by using Plaintiff's secret design, pattern and technique for assembly of its STORAGE SENSE decorative storage boxes to be sold under the name ANDREA BASKETS.

80.     Rubel acquired knowledge of Plaintiff's trade secret under circumstances giving rise to a duty to maintain its secrecy or limit its use since he was an independent contractor of Plaintiff and based on his Agreement with Plaintiff, and Sunset Bay derived its knowledge of Plaintiff's trade secret from Rubel who owed a duty to Plaintiff.

81.     As a proximate result of the use by Defendants Rubel and Sunset Bay of Plaintiff's secret design, pattern and technique for assembly of its STORAGE SENSE decorative storage boxes, Plaintiff has suffered actual damages.  As a further proximate result of the

13
COMPLAINT FOR UNFAIR COMPETITION, TRADEMARK INFRINGEMENT, INFRINGEMENT OF TRADE DRESS, FALSE ADVERTISING, DILUTION, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, MISAPPROPRIATION OF TRADE SECRETS, AND INTENTIONAL INTERFERENCE W
CASE NO.:

8/18/08 (25409) #313994.1

misappropriation, Sunset Bay was unjustly enriched by obtaining contracts to sell its goods to major retail stores.

82. Plaintiff is informed and believes and thereon alleges that the aforementioned acts of the defendant were willful and malicious in that Defendants misappropriated Plaintiff's secret design, pattern and technique for assembly of its STORAGE SENSE decorative storage boxes with the deliberate intent to injure Plaintiff's business and improve its own. Plaintiff is therefore entitled to punitive damages. Plaintiff is also entitled to reasonable attorney's fees.

WHEREFORE, Plaintiff pray for judgment as hereinafter set forth.

## NINTH COUNT

### Intentional Interference With Prospective Economic Relationship
### (Against All Defendants)

83. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 82 of the Complaint with the same force and effect as if fully set forth at length herein.

84. Between 2000 and the present, Plaintiff enjoyed a commercial relationship with HomeGoods, a subsidiary of TJX Companies. Between 2000 and 2007, Plaintiff sold in excess of $14,000,000.00 worth of goods to HomeGoods, including Plaintiff's nesting boxes and other decorative storage items designed to coordinate with the nesting boxes. In 2008, Plaintiff and HomeGooods were due to discuss further sales by Plaintiff to HomeGoods for the year.

85. Defendants knew of the above described relationship existing between Plaintiff and HomeGoods. Rubel was aware of the volume of sales that Plaintiff had achieved to HomeGoods in 2005 and the positive relationship that Plaintiff enjoyed with HomeGoods buyers.

86. On information and belief, Defendants intentionally targeted HomeGoods as a buyer of Sunset Bay's inferior, competing product, based on confidential knowledge of HomeGoods buyers' interest in Plaintiff's product and sought to displace Plaintiff first by

14
COMPLAINT FOR UNFAIR COMPETITION, TRADEMARK INFRINGEMENT, INFRINGEMENT OF TRADE DRESS, FALSE ADVERTISING, DILUTION, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, MISAPPROPRIATION OF TRADE SECRETS, AND INTENTIONAL INTERFERENCE W
CASE NO.:

8/18/08 (25409) #313994.1

undercutting Plaintiff on pricing and later by permitting Sunset Bay's inferior products to be sold under Plaintiff's STORAGE SENSE mark, leading to a customer perception that Plaintiff's products had decreased in quality and durability and were no longer desirable.

87. Defendants' misconduct as alleged in paragraph 79, above, constituted an unfair trade practice in violation of Business and Professions Code Section 17200.

88. In 2008, HomeGoods has decreased its orders from Plaintiff by more than 80%, citing decreased customer interest in Plaintiff's products. HomeGoods has continued to stock ANDREA BASKETS marked products.

89. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered great damage and will continue to suffer damage in the future if it cannot revive its relationship with HomeGoods and other retailers.

90. The aforementioned acts of Defendants, and each of them, were willful, oppressive, fraudulent and malicious. Plaintiff is therefore entitled to punitive damages.

WHEREFORE, plaintiff prays for judgment against Defendants as follows:

1. For damages, including but not limited to a disgorgement of profits, in an amount to be proven at trial.

2. For exemplary and punitive damages, based on Defendants' intentionally wrongful conduct.

3. For an order requiring Defendants, and each of them, to show cause, if any they have, why they should not be enjoined as set forth below, during the pendency of this action;

4. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendants from continuing to sell their infringing product, from labeling any of their goods with the STORAGE SENSE mark or with any other indicia associated with or confusingly similar to Plaintiff's marks or dress in any of its goods, and from disclosing information about Plaintiff's goods and business to third parties.

5. For costs incurred; and

6.    For any other and further relief as the court may deem proper.

Dated: August 18, 2008                FITZGERALD ABBOTT & BEARDSLEY LLP

                                      By _____
                                         William E. Adams
                                         Attorneys for AXIS IMEX, INC.

---
16
COMPLAINT FOR UNFAIR COMPETITION, TRADEMARK INFRINGEMENT, INFRINGEMENT OF TRADE DRESS, FALSE ADVERTISING, DILUTION, BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, MISAPPROPRIATION OF TRADE SECRETS, AND INTENTIONAL INTERFERENCE W
CASE NO.:

8/18/08 (25409) #313994.1

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

*ADR ECF* (handwritten)

## I. (a) PLAINTIFFS
AXIS IMEX, INC.

## DEFENDANTS
SUNSET BAY RATTAN, INC., BLAIR RUBEL, and DOES 1 through 20 inclusive

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

William Adams, David C. Lee, Dawn Newton
Fitzgerald Abbott & Beardsley, LLP
1221 Broadway, 21st Floor
Oakland, CA 94612          (510) 451-3300

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS – PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury

**TORTS – PERSONAL INJURY**
- 362 Personal Injury—Med. Malpractice
- 365 Personal Injury—Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 R.R. & Truck
- 650 Airline Regs.
- 660 Occupational Safety/Health
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt. Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- [x] 840 Trademark  ⓐ

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 444 Welfare
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 440 Other Civil Rights

**PRISONER PETITIONS**
- 510 Motions to Vacate Sentence
- Habeas Corpus:
- 530 General
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**IMMIGRATION**
- 462 Naturalization Application
- 463 Habeas Corpus – Alien Detainee
- 465 Other Immigration Actions

**OTHER STATUTES**
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1121, 1125(d); 28 USC 1331, 1338(a) and (b); Lanham Act section 43(a)

Brief description of cause:
Unfair competition, infringement of trade dress, false advertising, dilution, misappropriation of trade secrets,

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [x] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE: August 18, 2008

SIGNATURE OF ATTORNEY OF RECORD

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.  (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example:  U.S. Civil Statute: 47 USC 553
   Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.